# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, MULLIGAN, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TIMOTHY T. MCLEOD**
**United States Army, Appellant**

ARMY 20140296

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Colonel R. Tideman Penland, Staff Judge Advocate (pretrial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA, Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

29 February 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of two specifications of the wrongful sale of military property, two specifications of larceny, and two specifications of housebreaking, in violation of Articles 108, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, and 930 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for ninety days.

This case is before us for review pursuant to Article 66, UCMJ. Appellant's sole assigned error merits brief discussion and relief.

Appellant complains he suffered an undue, year-long post-trial delay. This guilty-plea court-martial was held on 8 April 2014. Despite a written request to the staff judge advocate (SJA) by appellant for speedy post-trial processing, the relatively short, 134-page record of trial was not authenticated until 18 November

2014. Then, the SJA's post-trial recommendation (SJAR) was not signed until 16 December 2014 and not served until 5 January 2015.

The defense did not request any delay and submitted its Rule for Courts-Martial 1105 matters a mere ten days later, in which appellant "petitioned for correction of the legal error" of untimely post-trial processing. In her addendum to the SJAR, the SJA stated no corrective action was necessary as she disagreed with the claim of legal error. She then advised the convening authority that "[t]hough not reflected in my previous advice, dated 16 December 2014, a deferment of automatic forfeitures was approved on 3 September 2014 until initial action." This advice left the convening authority with the impression that some favorable action, at least monetarily, had already been taken with respect to appellant. On 29 January 2015, the convening authority took action, providing no relief on the sentence and approving it as adjudged. Contrary to what is stated in the addendum, the previous convening authority, on 3 September 2014, actually *disapproved* appellant's request for deferment of automatic forfeitures.

Beyond the post-trial delay and processing errors up until the point of action, more troubling is that this court did not receive the record of trial for docketing until 8 April 2015, more than two months after action.

We find no reasonable explanation for the delay and processing errors in this case and accordingly provide relief. *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000) (Army Court referring to its Article 66(c), UCMJ, power when providing relief for the cumulative effect of post-trial delay as well as post-trial processing errors); *see also United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (government failure to docket record of trial with respective service Court of Criminal Appeals within thirty days of convening authority's action creates presumption of unreasonable delay).

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge and confinement for sixty days. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court